IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CARL O. STEPHENS                          )
and SALLY STEPHENS,                        )
                                           )
                   Plaintiffs,             )     TC-MD 120682D
                                           )
        v.                                 )
                                           )
DEPARTMENT OF REVENUE,                     )
State of Oregon,                           )
                                           )
                   Defendant.              )     **DECISION OF DISMISSAL**

This matter is before the court on its own motion to dismiss this case for lack of prosecution.

A case management conference was scheduled at 8:30 a.m. on October 1, 2012, to consider Plaintiffs' appeal. On September 13, 2012, the court sent notice of the scheduled case management conference to Plaintiffs at the email address Plaintiffs provided to the court. The notice was not returned as undeliverable. The notice advised that if Plaintiffs did not appear, the court might dismiss the appeal.

Plaintiffs failed to appear for the first case management conference scheduled for September 6, 2012. Defendant appeared. On September 6, 2012, the court sent Plaintiffs a letter which explained the importance of diligently pursuing an appeal. That letter was not returned as undeliverable. The letter advised that if Plaintiffs did not provide a written explanation by September 20, 2012, for their failure to appear, the court would dismiss the appeal.

In a letter dated September 11, 2012, Plaintiffs stated that "did not appear for the telephone conference call" because they "removed the email notice for the reason that it appeared to be spam." After reviewing Plaintiffs' letter, the court scheduled a telephone case

management conference for October 1, 2012.

On October 1, 2012, Plaintiffs failed to appear. Defendant appeared. In its Answer, filed August 21, 2012, Defendant stated that Plaintiffs' "recertification form * * * listed their 2010 household income as $45,892," and "[f]or the 2011 deferral the prior year's (2010) household income cannot exceed $39,500 (ORS 311.668)." Defendant wrote that "[s]ince the plaintiffs exceeded the income limitation criteria, in addition to the reverse mortgage, they are not eligible for the extension allowed under HB4039." (Def's Ans at 1, 2.) According to Defendant, Plaintiffs' self-reported household income was in excess of the statutory limit. If Plaintiffs inaccurately reported their household income, Plaintiffs could have contacted Defendant to discuss the inaccuracy of their recertification form and what they needed to do to correct their form.

Because the court has set two telephone case management conferences and Plaintiffs have failed to appear for both telephone case management conferences, the court finds the appeal must be dismissed for lack of prosecution. Now, therefore,

IT IS THE DECISION OF THIS COURT that the Complaint is dismissed.

Dated this ____ day of October 2012.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on October 1, 2012. The Court filed and entered this document on October 1, 2012.*

DECISION OF DISMISSAL  TC-MD 120682D                                      2